**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DARRYL SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 3:23-cv-50336** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CINCINNATI TOOL STEEL COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Darryl Smith ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Cincinnati Tool Steel Company ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendant's race-based discrimination and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.*

3. Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.  Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5.  During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6.  All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5, have occurred or been complied with.

7.  Plaintiff filed a charge of discrimination on the basis of race and retaliation with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8.  Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9.  This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

10.  At all times material to the allegations of this Complaint, Plaintiff, Darryl Smith, resides in Winnebago County in the State of Illinois.

11.  At all times material to the allegations in this Complaint, Defendant, Cincinnati Tool Steel Company, is a corporation doing business in and for Winnebago County in the State of Illinois, whose address is 5162 28th Avenue, Rockford, IL 61109.

## BACKGROUND FACTS

12. The Defendant hired Plaintiff (African American) as a Forklift Driver/ Inventory Worker in or around 2020.

13. Defendant subjected the Plaintiff to race-based discrimination and retaliation.

14. Plaintiff is a member of a protected class because of his race, African American.

15. Since the beginning of Plaintiff's employment with Defendant, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class.

16. Because of the Defendant's actions, Plaintiff suffered adverse employment action, including but not limited to negative treatment and degradation in the workplace following his engaging in protected activity.

17. The Plaintiff met Defendant's performance expectations during his employment.

18. Plaintiff can show that the adverse employment actions and the discrimination are because of his race.

19. The environment of discrimination and humiliation pervaded the entire company of Defendant.

20. In or about April 2023, Plaintiff was diligently working when a several thousand-pound steel plates unexpectedly fell crashing to the ground.

21. Plaintiff, fearing for the safety of himself and others at work, immediately reported this incident to his Supervisor, Danny Dufo.

22. Mr. Dufo, instead of addressing the issue to ensure the safety of his workers, callously responded, "If you have a problem with that, you can leave."

23. Plaintiff, needing this job due to his precarious financial situation, did not wish to

3

leave, but did wish to maintain a safe workplace for everyone.

24.     These massive steel plates fell out of place multiple times throughout May of 2023.

25.     Each time, Plaintiff reported the grave danger to Mr. Dufo.

26.     However, Mr. Dufo continued to ignore his complaints.

27.     Therefore, in or about June 2023, Plaintiff took the responsible step of reporting the hazardous conditions to Occupational Safety and Health Administration (OSHA).

28.     When Supervisor Dufo discovered that Plaintiff had made an OSHA report, he immediately began retaliating against Plaintiff.

29.     Mr. Dufo began treating Plaintiff horribly, and even went as far as making discriminatory comments such as, "You keep messing around, and you'll find yourself back on the corner with those other n*ggers".

30.     This clearly discriminatory comment also was a threat on Plaintiff's livelihood, which left him shocked and distressed, as he needed to keep his job.

31.     The retaliation for making the OSHA report did not stop there.

32.     Supervisor Dufo began assigning an overwhelming workload to Plaintiff.

33.     Suddenly, Plaintiff was responsible for the workload of four different persons simultaneously, further adding to Plaintiff's distress and the unsafe workplace conditions.

34.     Around this time, Plaintiff also made requests for vacation time in accordance with company policy.

35.     However, these repeated requests were unjustly denied in retaliation for Plaintiff reporting unsafe work conditions.

36.     When Plaintiff complained of this conduct to his supervisor, the supervisor once again threatened his job, saying, "You will have all the time off you need when you get fired".

4

37.     This discrimination and unfair treatment makes it clear that Plaintiff is being retaliated against since reporting the hazardous conditions to OSHA.

38.     This retaliation and discrimination is continuing to this day, as Plaintiff is still working for Defendant due to his financial situation and dire need for a job.

39.     Thus, Plaintiff's stress and anguish is increasing daily.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

40.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41.     Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

43.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

44.     Defendant's unlawful conduct resulted in considerable harm and adverse employment action, and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

45.     As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress,

5

humiliation, and loss of enjoyment of life.

### COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**(Race-Based Discrimination)**

46. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

49. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

50. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

### COUNT III
**Violation of 42 U.S.C. § 2000e, et seq.**
**(Retaliation)**

51. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

52. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

53. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the race-based discrimination and the hazardous conditions in the workplace, and Plaintiff making a formal complaint to OSHA, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. As such, Plaintiff engaged in protected conduct and was protected against unlawful

6

retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

55.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of discrimination and hazardous conditions in the workplace.

56.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination and workplace conditions, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

57.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

58.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

  a.     Back pay with interest;

  b.     Payment of interest on all back pay recoverable;

  c.     Front pay;

  d.     Loss of benefits;

  e.     Compensatory and punitive damages;

  f.     Reasonable attorney fees and costs;

  g.     Award pre-judgment interest if applicable; and

7

h.      Award Plaintiff any and all other such relief as the Court deems just and

proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 19th Day of September, 2023.

**/s/** *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/** *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*
